[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a breach of contract action brought by the plaintiff against the defendant home improvement contractor who has appeared pro se. The plaintiff homeowner has appeared by counsel. An answer by way of a general denial was filed by the defendant on December 26, 2000. He did not appear for trial on May 1, 2002 and was defaulted for his failure to appear.
After hearing on May 1, 2002 the court makes the following findings of fact:
On or about May 31, 2000 the plaintiff William Adams and the defendant Richard Roberts entered into a contract for the defendant to install vinyl siding on the residence of the plaintiff located at 62 Lima Street, Willimantic, in this judicial district. The contract price was $6582. (Plaintiff's Exhibit 2.) The contract violated the Home Improvement Act, Chapter 400 of the Connecticut General Statutes, in that it failed to include provisions required by C.G.S. § 20-429 (a)(6) and (7) relating to an owner's cancellation rights, and a starting and completion date. (Plaintiff's Exhibit 2.)
The plaintiff paid a total of $4500 to the defendant who began the job on June 19, 2000. On July 27, 2000 the plaintiff noticed several defects in the workmanship and photographed them. (Plaintiff's Exhibit 1.) He asked the Windham building inspector to inspect the work done and was told the work done to date did not meet the minimum standards of the Connecticut State Building Code in several areas and would not be approved. (Plaintiff's Exhibit 4.) Although the defendant promised to remedy the situation he did not do so. (Plaintiff's Exhibit 5, 9 and 15.) The work done was so defective it was necessary for the plaintiff to have the installed siding removed and replaced by another company at a total cost of $8,650.77. (Plaintiff's Exhibit 10.)
After hearing the court finds for the plaintiff on Counts 1 and 2 alleging breach of contract and negligence. Damages are awarded to the plaintiff in the amount of $6,568.77 plus costs of $48.46. (Plaintiff's CT Page 5834 Exhibit 14.) As to Count 3, alleging a CUTPA claim, the court finds that the defendant's violation of the Home Improvement Act, as previously noted, are per se violations of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110a et seq. under C.G.S. § 20-427 (c). The plaintiff is awarded attorney's fees pursuant to C.G.S. § 42-110g (d) in the amount of $5,381.87. (Plaintiff's Exhibit 13.)
Judgment is entered for the plaintiff in the amount of $11,999.10.
Potter, J.